UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

| | | |
|---|---|---|
| **JENNIFER STONE**<br>166 Nelson Street<br>Clay, KY 42404<br><br>    Plaintiff,<br><br>v.<br><br>**BIG RIVERS ELECTRIC CORPORATION**<br>710 W 2nd St<br>Owensboro, KY 42301<br><br>    Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action No.: 4:23-cv-122-DJH<br><br>Judge: David J. Hale |

## COMPLAINT WITH JURY DEMAND

Jennifer Stone states the following for her Complaint against Big Rivers Electric Corporation:

### INTRODUCTION

1.      This action arose after Defendant Big Rivers Electric Corporation engaged in discriminatory employment practices against a loyal employee who served the company for 18 years without incident until she requested FMLA leave. Defendant fosters an environment that discriminates against employees who exercise their rights under the FMLA and retaliates against employees who request reasonable accommodations for disabilities. Shortly after Ms. Stone returned from FMLA leave and complained about Defendant's blatant discriminatory practices and a culture of discrimination, Defendant unlawfully terminated her.

## PARTIES

2. Plaintiff Jennifer Stone ("Ms. Stone" or "Plaintiff") is a resident of Webster County, Kentucky. Plaintiff's claims arose out of an employment relationship with Big Rivers Electric Corporation in Owensboro, Kentucky.

3. Big Rivers Electric Corporation a/k/a Big Rivers ("Defendant") is a corporation registered with the Kentucky Secretary of State doing business in Owensboro, Kentucky.

4. Defendant employs over 100 people.

## JURISDICTION AND VENUE

5. This Court has jurisdiction to hear this case under 28 U.S.C. § 1331 because Ms. Stone asserts claims arising under the Family and Medical Leave Act ("FMLA").

6. Ms. Stone also states claims under the laws of the Commonwealth of Kentucky. These claims are inherently related to the other claims in this case, over which this Court has original jurisdiction, that they are a part of the same case or controversy under Article III of the United States Constitution. Accordingly, this Court has supplemental jurisdiction of these claims under 28 U.S.C. § 1367.

7. Venue is proper in this Court because most of the transactions and occurrences and injuries occurred in Owensboro, Kentucky.

## BACKGROUND FACTS

8. Ms. Stone diligently and competently worked for Defendant for 18 years.

9. Ms. Stone started working for Defendant as a Budget Analyst in 2005.

10. Defendant routinely promoted Ms. Stone.

11. In fact, Defendant promoted Ms. Stone to Manager of Finance.

12. As Manager of Finance, some of Ms. Stone's job duties were to manage treasury functions, taxes, and the debt portfolio.

13. Ms. Stone reported directly to the Chief Financial Officer "CFO" Talina Mathews.

14. Ms. Stone was qualified for her position and was able to perform all essential job functions.

15. Likewise, Ms. Stone would often receive accolades and praises from her coworkers and supervisors.

16. Defendant habitually provided Ms. Stone with high performance reviews.

17. In fact, Chief Financial Officer Talina Mathews informed Ms. Stone that she knew that Ms. Stone was performing "director level work" and was working on promoting Ms. Stone to a Director.

18. In April of 2023, Ms. Stone began experiencing debilitating stress and anxiety.

19. This substantially limited her ability to perform her job and substantially impacted Ms. Stone's other major life functions.

20. Ms. Stone had difficulty sleeping, concentrating, and had difficulty performing other simple daily tasks because of the stress and anxiety.

21. Ms. Stone's doctor ordered her to take FMLA leave.

22. Ms. Stone completed and submitted the appropriate paperwork for FMLA leave.

23. Ms. Stone informed her superiors of the situation and when she would be returning to work.

24. Ms. Stone took FMLA leave.

25. Immediately upon returning to work, Ms. Stone's supervisors informed her that she had been demoted on the organizational chart, stripped of her supervisory responsibilities, that her job duties had been reassigned, and that she would now be reporting to a coworker who was her equal prior to FMLA leave.

26. Indeed, both of Ms. Stone's coworkers who were her equals prior to taking FMLA leave had been promoted and assigned Ms. Stone's previous supervisory responsibilities while she was on FMLA leave.

27. Upon her return, Ms. Stone did not have the same or substantially similar duties, responsibilities and status as before FMLA leave.

28. Her new responsibilities did not include the same general level of skill, effort, responsibility and authority as before.

29. Confused about why she had been demoted and stripped of all her duties, Ms. Stone confronted CFO Talina Mathews, inquiring about why this occurred immediately after her return from FMLA leave.

30. Ms. Matthews directed Ms. Stone to communicate with her new manager Chris Warren.

31. Ms. Stone complained to her manager and HR that she was being retaliated against for taking FMLA leave.

32. Ms. Stone met with HR to discuss her concerns of discrimination and retaliation.

33. Days later Defendant terminated Ms. Stone.

34. Therefore, within days of complaining about discrimination and FMLA retaliation Defendant terminated Ms. Stone.

35. Defendant's reason for terminating Ms. Stone was bogus and pretextual.

36. Defendant treated Ms. Stone differently than other non-disabled employees and employees who did not take FMLA leave.

37. Ms. Stone suffered damages and will continue to suffer damages in the future because of Defendant's actions.

## CLAIMS

### COUNT I
**FMLA Retaliation and Discrimination under 29 U.S.C. §2615**

38. Ms. Stone restates and incorporates all paragraphs.

39. Ms. Stone requested FMLA leave for her severe stress and anxiety.

40. Ms. Stone notified Defendant of the serious health condition that made her temporarily unable to perform her essential job functions.

41. Ms. Stone was qualified for FMLA leave.

42. Upon her return, Ms. Stone did not have the same or substantially similar duties, responsibilities, and status as before FMLA leave.

43. Her new responsibilities did not include the same general level of skill, effort, responsibility, and authority as before.

44. Defendant retaliated against Ms. Stone for requesting and taking FMLA leave.

45. In fact, Defendant terminated Ms. Stone within weeks after her return from FMLA leave and after complaining about FMLA retaliation.

46. Defendant terminated Ms. Stone in retaliation because she exercised her rights under the FMLA.

47. Defendant's actions were malicious and in a conscious disregard of the rights of Ms. Stone.

48. Ms. Stone suffered damages and will continue to suffer damages because of Defendant's retaliation and discrimination.

49. Ms. Stone is entitled to all damages and injunctive relief permissible under the FMLA.

## COUNT II
## DISABILITY DISCRIMINATION
## UNDER KRS §344 et seq

50. Ms. Stone restates and incorporates all paragraphs.

51. Because Ms. Stone's severe stress and anxiety substantially limits at least one of her major life activities, she is an individual with a disability under KRS §344.

52. Ms. Stone was fully qualified for her position, and she could perform all the essential functions of the position.

53. Defendant is a covered employer to which KRS §344 applies.

54. Defendant terminated Ms. Stone from her employment because Ms. Stone had a disability or because Defendant perceived or regarded Ms. Stone as having a disability.

55. Defendant mistakenly believed that Ms. Stone had a physical impairment that substantially limited one or more major life activities or Defendant mistakenly believed that Ms. Stone's actual, non-limiting impairment substantially limited one or more major life activities.

56. Ms. Stone was ready, willing, and able to perform her job duties when she returned to work from FMLA leave.

57. Defendant treated Ms. Stone differently because she was perceived as having a disability, making her unable to perform her job duties.

58. Defendant's termination of Ms. Stone based on her disability or perceived disability and Defendant's failure to make an individualized assessment to determine whether Ms. Stone

could be employed or whether a reasonable accommodation would enable her to be employed by Defendant violated KRS §344.

59. As a result of Defendant's actions, Ms. Stone has suffered and will continue to suffer both economic and non-economic damages.

60. Defendant terminated Ms. Stone because she had a disability.

61. Defendant's actions were malicious and in a conscious disregard of the rights of Ms. Stone.

62. Ms. Stone is entitled to all damages and injunctive relief permissible under KRS §344 including lost wages, back pay, front pay, attorney's fees, compensatory damages, costs, and punitive damages.

## COUNT III
## CONVERSION UNDER KENTUCKY COMMON LAW

63. Ms. Stone restates and incorporates all paragraphs.

64. After Defendant terminated Ms. Stone, she demanded that Defendant return her personal property.

65. In fact, Ms. Stone demanded that Defendant return an external hard drive.

66. This external hard drive is Ms. Stone's personal property.

67. Ms. Stone has demanded that Defendant return this external hard drive, but Defendant is holding it hostage and threating Ms. Stone with legal action.

68. To date, Defendant has not returned Ms. Stone's property.

69. Defendant admits to tampering with her property and copying her personal family photos.

70. At the time of conversion, Ms. Stone had possession of the external hard drive.

71. Defendant's actions were malicious and in a conscious disregard of the rights of Ms. Stone.

72. Defendant's actions are the direct and proximate cause of Ms. Stone's loss of possession.

73. Ms. Stone suffered damages and will continue to suffer damages because of Defendant's conversion.

74. Ms. Stone is entitled to all damages and injunctive relief permissible including attorney's fees, compensatory damages, costs, and punitive damages.

**WHEREFORE**, Ms. Stone respectfully requests that this Court find for her and award her the following:

    a. Compensatory damages;

    b. Reinstatement;

    c. Lost wages and all other compensation denied or lost to Plaintiff by reason of Defendant's unlawful actions;

    d. Statutory damages;

    e. Interest;

    f. Punitive damages;

    g. Attorney fees;

    h. Costs;

    i. Litigation expenses; and

    j. All other relief this Court deems proper.

> Respectfully Submitted,
>
> **/s/ Robert L. Thompson**
> Robert L. Thompson (KY: 98791)
> THOMPSON LEGAL LLC
> 10529 Timberwood Circle, Unit B
> Louisville, Kentucky 40223
> P: 502-366-2121
> F: 502-438-9999
> Robert@RthompsonLegal.com

## JURY DEMAND

Plaintiff demands a trial by jury on all triable issues.

> ***/s/ Robert L. Thompson***
> Robert L. Thompson