UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:23-CV-00122-DJH-HBB

**JESSICA STONE**                                                                                                       **PLAINTIFF**

**VS.**

**BIG RIVERS ELECTRIC CORPORATION**                             **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Big Rivers Electric Corporation's motion to quash, or in the alternative, for a protective order, regarding Plaintiff Jennifer Stone's subpoena to non-party Dormie Network (DN 21). Stone has responded in opposition at DN 23, and Big Rivers has not filed a reply.

This is an action for employment discrimination. Stone contends that she was terminated in retaliation for exercising her right to leave under the Family Medical Leave Act (DN 1). She further alleges that the reason Big Rivers provided for terminating her employment was "bogus and pretextual" (*Id.* at p. 4). Big Rivers' motion asserts:

> Plaintiff was formerly employed as the Finance Manager for Big Rivers. Plaintiff was terminated from her employment after the Company discovered she sent a confidential Company email to her personal email address without a business purpose, in violation of the Company's confidentiality policy. Specifically, Plaintiff forwarded herself an email from Big Rivers' former CEO requesting payment to Dormie Network, a private golf club network. Plaintiff apparently believed the payment request was improper, even though the expense had been approved by the Company and was consistent with business practices. Plaintiff's conduct forwarding the email to her personal account without a business purpose violated Big Rivers' confidentiality policies. And Big Rivers feared that Plaintiff intended to use the email for some ***uninformed***, nefarious purpose. As a result, Plaintiff was terminated on July 11, 2023.

(DN 21-1, p. 1-2) (emphasis in original). Stone's Response contends her subpoena is intended to explore whether other Big Rivers employees sent or received communications related to Dormie Network from their personal e-mail (DN 23, p. 3). She has offered to reduce the scope of her initial subpoena request to the following:

1. Communications (including but not limited to emails, letters, and any other written or electronic communications) related to or involving Big Rivers Electric Corporation from January 1, 2014, to the present.

(*Id. at* p. 2).

Big Rivers asserts two arguments in opposition to the subpoena (DN 21-1, pp. 89-92). First, it contends the subpoena is overly broad and unduly burdensome (*Id.* at pp. 89-90). Second, Big Rivers argues the information Stone seeks lacks relevance to the legal issues in the case (*Id.* at pp. 90-92).

As to its motion to quash, Big Rivers lacks standing to object to the subpoenas. Motions to quash subpoenas are governed by Rule 45(d)(3). While Rule 45 of the Federal Rules of Civil Procedure offers no direct guidance on the issue of standing, district courts in the Sixth Circuit have consistently held that a party ordinarily has no standing to challenge a subpoena to a non-party without first showing a claim of privilege or personal right exists in the information sought. *See Polylok Inc. v. Bear Onsite, LLC*, No. 3:12-CV-535-DJH-CHL, 2016 U.S. Dist. LEXIS 173289, at *3-4 (W.D. Ky. Dec. 15, 2016); *Donahoo v. Ohio Dep't of Youth Servs.*, 211 F.R.D. 303, 306 (N.D. Ohio Mar. 1, 2002); *Pogue v. Northwestern Mut. Life Ins. Co.*, No. 3:14-CV-598-CRS-CHL, 2016 U.S. Dist. LEXIS 71163, at *17-18 (W.D. Ky. June 1, 2016); *United States v. Cordes*, No. 15-CV-10040; 2016 U.S. Dist. LEXIS 37528, at *10 (E.D. Mich. Mar. 23, 2016). Big Rivers has not demonstrated that it has any personal right or privilege associated with the documentation requested in the subpoena.

Big Rivers argues that a party may also seek a protective order for a subpoena issued to a non-party under Rule 26, and quotes *Pogue*, 2016 U.S. Dist. LEXIS 70987, at *11, for the proposition that "some courts have found that parties have standing to challenge nonparty subpoenas when such challenges are brought pursuant to Rule 26 of the Federal Rules of Civil Procedure, as opposed to Rule 45." (DN 21-1, p. 4).  But the *Pogue* court made this observation in determining whether an objection constituted a motion to quash under Rule 45 or for a protective order under Rule 26.  *Id.* at *11-12.  It concluded that the motion was one to quash, and noted: "[t]o summarize, the prevailing rule among district courts of the Sixth Circuit is that, absent a claim of privilege, a party does not have standing to contest a subpoena issued to a nonparty." *Id.* at *12.  Consequently, the *Pogue* court did not evaluate the objection under Rule 26.

Nonetheless, Big Rivers also cites *Schweinfurth v. Motorola, Inc.*, which concluded that Rule 26(c) authorizes a party to seek a protective order for a subpoena issued to a non-party.  No. 1:05CV024, 2008 U.S. Dist. LEXIS 97069, at *4-6 (N.D. Ohio Nov. 19, 2008).  This Court arrived at the same conclusion in *Brewer v. Air Prods. & Chems., Inc.*, No. 5:23-CV-00123-BJB-HBB, 2024 U.S. Dist. LEXIS 128203, at *3-4 (W.D. Ky. July 22, 2024), as has the Eastern District of Kentucky in *Rogers v. City of Frankfort*, No. 3:21-CV-00023-GFVT-EBA, 2023 U.S. Dist. LEXIS 236833, at *6-7 (E.D. Ky. Mar. 22, 2023).

A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . .." FED. R. CIV. P. 26(b)(1).  The discovery must be:

> proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

*Id.* Federal courts broadly construe this language to include "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). A party opposing discovery bears the burden of showing that it does not fall within the broad scope of relevance. *UPS Co. v. DNJ Logistic Grp., Inc.*, No. 3:16-CV-00609-GNS, 2018 U.S. Dist. LEXIS 112961, at *29 (W.D. Ky. Apr. 16, 2018).

Big Rivers argues that the information Stone seeks from Dormie Network bears no relevance to her discrimination claim (DN 21-1, pp. 2-3). Big Rivers asserts that its reason for terminating Stone was that she forwarded herself a company e-mail that referenced Dormie Network in violation of its confidentiality policy and contends that the information Stone requests will not shed light on whether this was the "real" reason it terminated her employment (*Id.* at pp.1-2). In response, Stone asserts:

> Defendant alleges that Ms. Stone was terminated for sending an email related to Dormie Network from her work email address to her personal email. Ms. Stone is allowed to conduct discovery on potential comparators. Ms. Stone is allowed to see if other Big River employees sent or received communications related to Dormie Network from their personal email.

(DN 23, p. 3). The Court does not find the requested material relevant to establishing whether Big Rivers' explanation for why it terminated Stone's employment is a pretext. Big Rivers contends it terminated Stone because she sent a business-related e-mail to her personal account (DN 21-1, p.1). As such, comparators would be employees who likewise sent business-related e-mails from their work accounts to their personal accounts, not employees communicating *with* Dormie Network on their personal e-mail accounts. The scope of the proposed more limited subpoena goes far beyond even what Stone characterizes as comparator communications, as the subpoena seeks production of all communications, in any form, related to Big Rivers, regardless of whether

the communications were between Dormie Network and Big Rivers' employees on their personal e-mail accounts (DN 23, p. 2).

Big Rivers also argues that the request is unduly burdensome (DN 21-1, pp. 5-6). Stone has indicated in her Response that she is willing to reduce the scope of the subpoena (DN 23, p. 2). Big Rivers has not filed a Reply addressing whether it still contends the proposed reduction would still impose an undue burden on Dormie Network. As such, the Court considers that argument abandoned.

**WHEREFORE**, the motion of Defendant Big Rivers Electric Corporation's to quash, or in the alternative, for a protective order, regarding Plaintiff Jennifer Stone's subpoena to non-party Dormie Network, DN 21, is **DENIED IN PART** and **GRANTED IN PART**. Defendant's motion to quash the subpoena is **DENIED**. Defendant's motion for a protective order precluding issuance of the subpoena is **GRANTED**.

H. Brent Brennenstuhl
United States Magistrate Judge

October 23, 2024

Copies: Counsel